IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 03-30093
Summary Calendar

---

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ANTON L ROBINSON, also known as AT

Defendant - Appellant

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-30044-1
- - - - - - - - - -

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Anton L. Robinson appeals his conviction, following a jury trial, of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846.

Robinson contends that the trial evidence was insufficient to support his conviction, mainly because the Government's case was based largely on the "uncorroborated" testimony of an informant and coconspirators who had received money or sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

benefits from the Government.  The evidence was not insufficient to support Robinson's conviction.  See United States v. El-Zoubi, 993 F.2d 442, 445 (5th Cir. 1993); United States v. Peters, 283 F.3d 300, 307 (5th Cir.), cert. denied, 536 U.S. 934 (2002). Several witnesses testified that Robinson sold them large quantities of cocaine base, and one coconspirator who worked closely with Robinson testified that Robinson manufactured approximately four kilograms of cocaine base per month for nine months.  "As long as it is not factually insubstantial or incredible, the uncorroborated testimony of a co-conspirator, even one who has chosen to cooperate with the government in exchange for non-prosecution or leniency, may be constitutionally sufficient evidence to convict."  United States v. Westbrook, 119 F.3d 1176, 1190 (5th Cir. 1997).  Robinson has not shown that the coconspirator testimony in his case was "factually insubstantial or incredible."

For the first time on appeal, Robinson contends that the Government violated his due process rights by failing to disclose the full extent of the coconspirators' plea agreements. Although it is true that the Government violates a defendant's due-process rights by knowingly using, or failing to correct false or misleading testimony, see United States v. Mason, 293 F.3d 826, 828 (5th Cir. 2002), Robinson has not shown that any false testimony was given regarding the plea agreements. Robinson has not shown error, plain or otherwise.

Robinson also maintains that his due-process rights were violated when the sentencing court considered allegedly

unreliable coconspirator statements contained in his Presentence Report ("PSR"). This court has held that PSR information generally bears "indicia of reliability" that are sufficient to withstand scrutiny under the Due Process Clause and that the defendant must present rebuttal evidence. See United States v. Montoya-Ortiz, 7 F.3d 1171, 1180 (5ht Cir. 1993); United States v. Brown, 54 F.3d 234, 242 (5th Cir. 1995); U.S.S.G. § 6A1.3. Robinson has not established that the PSR information in his case was unreliable.

The district court did not clearly err in imposing a two-level guidelines increase based on Robinson's role as a manager or supervisor in the offense. See United States v. Parker, 133 F.3d 322, 329-30 (5th Cir. 1998); U.S.S.G. § 3B1.1(c). The evidence was sufficient to show Robinson managed or supervised coconspirator Brandon Wright.

For the first time on appeal, Robinson contends that the district court erred in assessing two criminal-history points for his 1990 conviction of possession of drug paraphernalia. This contention is frivolous because the PSR information reflects that Robinson's sentence of confinement for this offense far exceeded 60 days, the baseline for the two-point assessment. See U.S.S.G. § 4A1.1(b).

Robinson's conviction and sentence are AFFIRMED.